**GUANGJIAN CHEN–QIU, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, United States Department of Justice, Respondents.**

**No. 07–3386–ag.**

United States Court of Appeals, Second Circuit.

April 30, 2008.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Norman Kwai Wing Wong, New York, NY, for petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Francis W. Fraser, Senior Litigation Counsel; T. Bo Stanton, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Guangjian Chen–Qiu, a native and citizen of the People's Republic of China, seeks review of a July 23, 2007 order of the BIA affirming the January 12, 2006 decision of Immigration Judge ("IJ")

George T. Chew denying Chen–Qiu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guangjian Chen–Qiu*, No. A 98 113 010 (B.I.A. July 23, 2007), *aff'g* No. A 98 113 010 (Immig. Ct. N.Y. City, Jan. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

## I. Asylum

### A. Family Planning Claim

■ In *Shi Liang Lin*, this Court concluded that the statutory scheme under IIRIRA § 601(a) "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d at 308. Thus, as the Government correctly asserts, Chen–Qiu is not entitled to asylum based on the fact that his wife was required under China's family planning policy to have an IUD inserted after the birth of their son. *Id.* The agency accurately observed that Chen–Qiu was never arrested and denied having ever been persecuted in China. Given that he was never harmed, the agency appropriately found that Chen–Qiu failed to establish past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006).

■ Because Chen–Qiu failed to establish that he had been subjected to persecution in the past, he was not entitled to a presumption that he would be subjected to future persecution in China. *See* 8 C.F.R. § 1208.13(b)(1). In this regard, the record supports the agency's finding that Chen–Qiu did not demonstrate a well-founded fear of persecution. The agency accurately observed that Chen–Qiu testified that he wished to have more children, but that his wife remained in China. Additionally, there is no indication in the record that Chen–Qiu ever failed to comply with the family planning policy. Thus, in the absence of "solid support" in the record that he would be persecuted under this policy, Chen–Qiu's fear of such persecution is "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). As such, substantial evidence supports the agency's denial of Chen–Qiu's asylum application as to his family planning claim.

### B. Religion Claim

■ Similarly, substantial evidence supports the agency's determination that Chen–Qiu failed to demonstrate that he suffered past persecution in China on account of his religion. Chen–Qiu testified that he attended church in China as a youth, but that he did not go very often and did not develop an appreciation for the freedom to worship until after attending church in the United States. Chen–Qiu

conceded that he was never arrested in China nor persecuted there on account of any religious beliefs. Under these circumstances, the agency reasonably found that he failed to demonstrate past persecution due to his religion. *See Ivanishvili,* 433 F.3d at 341; *cf. Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir.2006).

Likewise, the agency reasonably found that Chen–Qiu failed to establish a basis for concluding he had a well-founded fear of future persecution on this ground. Chen–Qiu also asserts in his brief to this Court that the BIA disregarded the adverse country conditions in China in assessing his fear of persecution. However, while the background material submitted by Chen–Qiu indicates that ill-treatment of Christians occurs in China, he failed to submit evidence that the Chinese authorities had any interest in him. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 185 (2d Cir.2006) (emphasizing that the asylum applicant bears the burden of proffering evidence of his well-founded fear of persecution). Thus, the record does not "compellingly suggest" that the BIA failed to consider Chen–Qiu's evidence. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336–37, n. 17 (2d Cir.2006). As such, the agency reasonably concluded that the record failed to establish that Chen–Qiu in particular was likely to be persecuted. *Cf. Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

Because Chen–Qiu was unable to show the objective likelihood of persecution needed to make out an asylum claim based on his own resistance to a coercive family planning policy or his religious activities, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and relief under the CAT, which shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).